TOWN OF SEWARD v. MARGULES et al.

No. S-463.

District Court of Alaska. Third Division. Valdez.

Sept. 8, 1938.

L. V. Ray, of Seward, for plaintiff.
Thos. M. Donohoe, of Cordova, for defendants.

HELLENTHAL, District Judge.

This matter came on for hearing upon the demurrer of the defendant, Derick Lane, to the amended complaint herein. On the hearing on said demurrer, it was stressed, first, that the complaint does not show that the condemnation of this property is necessary, and it was argued that the complaint should show that the water of this creek could not be taken care of in any other way, before condemna-

tion should be authorized, and second, that the municipality is without authority and capacity to exercise the right of eminent domain for the uses named outside of its territorial limits.

The amended complaint in this case is by a municipal corporation, the Town of Seward, and sets forth that Lowell Creek has caused much damage, it having destroyed several houses, damaged public buildings, bridges, delayed traffic on the Alaska Railroad and that the estimated damage from 1917 to 1936 is approximately $268,000, that the Government, by an Act of Congress, has authorized the driving of the tunnel through Bear Mountain to conduct the waters of Lowell Creek from the creek to tide water, that the construction of said tunnel is a public use authorized by the Government of the United States and is such a public use as is imperatively required for the benefit of such municipality. It thereafter gives the route and termini of said tunnel and particularly describes each portion through which the tunnel is to be driven, that in driving said tunnel it will pass through the lands owned in part by Derick Lane, the defendant who has appeared and filed a demurrer herein. A plat showing the ground sought to be condemned is attached to the complaint, is marked Exhibit "A" and made a part of the amended complaint, that a portion of the lands required and necessary for such project are situated without the incorporated limits of the plaintiff. Neither the complaint nor the exhibit attached thereto show what portion of the land sought to be condemned is outside of the incorporated limits of the plaintiff or what portion thereof is within the incorporated limits of the plaintiff.

The Laws of Alaska provide, Comp.Laws 1933, Sec. 1561:

"Uses for which authorized. Subject to the provisions of this chapter, the right of eminent domain may be exercised in behalf of the following public uses:

"(1) All public uses authorized by the Government of the United States. * * *"

Sec. 1566:

"What must appear to authorize condemnation. Before property can be taken it must appear:

"(1) That the use to which it is to be applied is a use authorized by law.

"(2) That the taking is necessary to such use. * * *"

Sec. 2383:

"General powers of council. The council shall have and exercise the following powers: * * *

"Third: To provide for the location, construction and maintenance of the necessary streets, alleys, crossings, sidewalks, sewers, wharves, aqueducts, dikes and water courses, and to widen, straighten, strengthen or change the channels of streams and water courses. * * *

"Seventeenth: To take such other action by ordinance, resolution or otherwise as may be necessary to protect and preserve the lives, the health, the safety and the well-being of the people of the city. * * *"

Sec. 2389:

"Municipal property outside city limits; power to protect. For the purpose of installing, acquiring, owning or operating plants for the supply of water, light, heat or power to the city or its people, or for the purpose of constructing and maintaining a proper sewer system, a municipal corporation shall have power to acquire and own property outside the boundaries of the city * * * and it shall have the same extra-territorial jurisdiction to protect in the same manner all parks, cemeteries, and playgrounds and all light, heat, power and water plants as well as sewers with all their dams, flumes, pipelines, electrical transmission lines and other equipment for serving the city or its inhabitants with light, heat, power or water or drainage through sewers, whether the same be owned by the city or by a public service * * * institution."

358

As to the first proposition that the amended complaint does not state a necessity for the exercise of the right of eminent domain, the law provides that it must appear, to authorize condemnation, that the taking is "necessary" to such use. The amended complaint contains ·the allegations that the building of said tunnel is a public use authorized by the Government of the United States and is such a public use as is imperatively required for the benefit of such municipality and states facts supporting said allegations.

██ Ordinarily the only questions to be considered by the courts in condemnation proceedings are: first, whether the petitioner has the power to exercise the right of eminent domain, second, whether the property itself is of a nature subject to condemnation, third, whether the property is being taken for a public or a private use and fourth, whether the power is being used for taking an excessive amount of property.

"On the other hand, the necessity or expediency of the taking is not a judicial question, in the absence of a constitutional provision to that effect, but purely one for the determination of the legislature or the body or individuals to whom the state has delegated the authority. * * * " Section 1468, vol. 4, McQuillin, Municipal Corporations.

██ The statute in this case, however, requires that it must appear that the taking is "necessary" to such use before property can be condemned. The Court is of the opinion that the words used in the amended complaint "imperatively required" and the facts alleged supporting the same, show necessity under the statute.

██ The next question raised is that the plaintiff is without authority and capacity to exercise the right of eminent domain for the use named outside of its incorporated limits. The complaint does not show upon its face whether or not the property of the defendant, Derick Lane, sought to be condemned, is within or without the incorporated lim-

its. The Court is further of the opinion that since the law gives municipalities the express right to provide for the location and construction of sewers, aqueducts, and water courses and to widen, straighten, strengthen or change the channels of streams and water courses, such a grant of power would be idle if the City could not purchase ground outside of the incorporated limits and divert a stream beyond its limits and prevent it from reaching the incorporated limits, if such a course should be deemed advisable, rather than to confine its activities to the City limits proper.

The law expressly gives municipalities power of acquiring, owning or operating plants for the purpose of constructing and maintaining a proper sewer system, outside the boundaries of the City.

"While there is no settled rule in respect to this question, it would seem that the rule supported by the better reasoning is that if the power exists to construct public works or improve property outside the municipal limits, and the statute or charter expressly or by necessary implication authorizes the condemnation of property within the corporate limits for such purposes, then the municipality is impliedly authorized to condemn property outside the limits for such purposes. * * *" Section 1495, vol. 4, McQuillin, Municipal Corporations.

The Court is therefore of the opinion that if authority has not been expressly given under the above statute, that such authority is necessarily implied.

For the reasons stated the demurrer is overruled and the defendant is allowed thirty days in which to answer.

To the foregoing the defendant, Derick Lane, excepts and an exception is allowed.